GIBSON *v.* CARREKER, administrator, *et al.*

An administrator will not be enjoined from collecting an execution against a debtor of the estate, on the ground that two of the distributees are debtors of the latter by judgment, without first tendering the administrator what is due on the execution exclusive of the interest of these two distributees in the fund to be raised by the execution, it affirmatively appearing that there are several other distributees against whose interests in this fund there is no claim by the petitioner.

January 27, 1894.

Petition for injunction. Before Judge BUTT. Talbot county. At chambers, September 11, 1893.

THORNTON & MCMICHAEL, J. M. MATHEWS and WILLIS & PERSONS, for plaintiff. PEABODY, BRANNON &, HATCHER, J. H. WORRILL and J. H. MARTIN, *contra.*

LUMPKIN, Justice.

Assuming as true all the allegations of the original petition, there was no error in denying the injunction. The deceased Mrs. Wimberly had several heirs, including her husband, A. P. Wimberly, a son named Lewis, and other children. Carreker, her administrator, had a judgment against Gibson, which he was proceeding to enforce by levy and sale of Gibson's land. The latter, not denying the validity of the judgment, sought to restrain the sale on the ground that the husband of the

v 92-51

deceased Mrs. Wimberly, and her son Lewis, both of
whom were insolvent, were indebted to him by judg-
ment more than their respective shares would be in the
execution against him held by Carreker, if the same
should be collected. His petition also alleged that the
estate of Mrs. Wimberly owed no debts, and that conse-
quently the entire proceeds of this execution would be
distributed among her heirs at law. As to the interests in
this execution of the heirs of Mrs. Wimberly, other than
the two designated, no reason whatever appears why its
collection should be delayed, and certainly there would
be no equity in forcing these heirs to wait for their
money until there can be an adjustment of the equities
between Gibson and the other two. He certainly has
no right to interfere with the prompt collection by the
administrator of enough of the money due on the execu-
tion to settle the shares therein of those heirs against
whom no claim whatever is made. It therefore seems
clear that he ought to pay the administrator enough to
settle with them before he would be entitled by injunc-
tion or otherwise to stay the progress of the execution.
The learned counsel for the petitioner evidently recog-
nized the truth and justice of this proposition, because
the petition alleges that the plaintiff is "ready and willing
and hereby offers to pay off said judgment and execu-
tion after allowing the petitioner credit for the respective
sums due and coming to the said A. P. Wimberly and
Lewis Wimberly." This allegation not only does not
amount to a tender, but even if it did, the tender would
not be absolute, but conditioned upon the execution be-
ing first credited with the amount of the shares to which
A. P. and Lewis Wimberly would be entitled in its pro-
ceeds. The "offer" of Gibson does not go far enough
to entitle him to the relief prayed for. He ought to
pay the administrator enough to satisfy the shares of
the children against whom he has no claim, or at least

make an absolute and continuing tender of an amount sufficient for this purpose. Had he done this, we are not prepared to say there would have been no equity in his petition as against A. P. and Lewis Wimberly, it being alleged that they are both insolvent and that in no other way can Gibson collect anything upon the judgments he holds against them. Nothing alleged in the amendment entitles Gibson to the injunction prayed for. He certainly cannot subject to the satisfaction of any judgment he holds against A. P. Wimberly money or property belonging to the children in the hands of the administrator, although such judgment may be founded upon a debt the consideration of which was supplies furnished to Wimberly and of which the children got the benefit, it appearing that these supplies were sold to Wimberly upon his individual credit. Nor can Gibson enjoin the collection of the execution against himself by the administrator because the latter has in hand a large amount of property or effects of his intestate in which all her heirs are interested, the alleged purpose being to delay the execution until it can be ascertained by decree what will be the full sums coming from the estate to A. P. and Lewis Wimberly, and then have the same credited upon the execution, for Gibson's benefit, as against them. This is true although the final result might be that the administrator would have a sufficiency to pay in full the distributive shares of all the other heirs. There is no reason for delaying them until there can be a final adjustment of the controversy between Gibson and the two heirs who are his debtors. Let him pay on the execution enough to enable the administrator to pay the heirs who owe him nothing their shares in the amount represented by this execution, and he will then stand upon different ground and be in a position to assert his equities, whatever they may be, against A. P. and Lewis Wimberly.

Upon the facts alleged the demurrer was well founded, and the court was right in denying the injunction.

*Judgment affirmed.*